IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE | § | |
| MORALES GRANADOS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 19-158 |
| | § | |
| DICK'S SPORTING GOODS, INC. and | § | |
| FIELD & STREAMS SPORTING | § | |
| GOODS, INC. | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant **DICK'S SPORTING GOODS, INC.** (hereinafter "Removing Defendant"),

hereby gives notice of the removal of this action, pursuant to 28 U.S.C. § 1446, to the United States

District Court for the Western District of Texas, El Paso District. As grounds for removal,

Removing Defendant states as follows:

## I. INTRODUCTION

1.1     On or about March 25, 2017, it is alleged that Plaintiff was shopping at Dick's store,

owned and operated by Defendants and located at 8889 Gateway West Blvd., in El Paso, Texas,

when Plaintiff sat on a weight bench that was unstable due to not being properly secured and/or

assembled, causing Plaintiff to fall backward and sustain injuries. *See Plaintiff's Original Petition,*

*Ex. B.*

1.2     On or about November 28, 2018, Plaintiff filed her Original Petition in the 448th

Judicial District Court of El Paso County, Texas, Cause No. 2018-DCV-4486, initiating a premises

liability action against Defendant Dick's Sporting Goods, Inc. *See id.*

1.3     On or about March 8, 2019, Plaintiff filed her Second Amended Original Petition asserting premises liability claims against Defendant Dick's Sporting Goods, Inc. as well as Defendant Field & Streams Sporting Goods, Inc. *See Plaintiff's Second Amended Original Petition, Ex. B.*

1.4     Removing Defendant Dick's Sporting Goods, Inc. was first served with notice when it was served with Plaintiff's Second Amended Original Petition on or about May 13, 2019, through service on its registered agent, CSC-Lawyers Incorporating Service Company.

1.5     Removing Defendant files this notice of removal within the 30-day time-period required by 28 U.S.C. §1446(b), after having received information sufficient to determine that the case was removable and being served with the Plaintiff's Second Amended Original Petition.

1.6     Plaintiff is an individual residing in El Paso County, Texas

1.7     Removing Defendant Dick's Sporting Goods, Inc. is a Delaware corporation with its principal place of business located at 345 Court St., Coraopolis, PA 15108.

1.8     Removing Defendant is not a "citizen" of the State of Texas and does not have a principal place of business in the State of Texas.

1.9     As set forth below, diversity jurisdiction exists and Removing Defendant hereby timely removes this matter to Federal Court.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

2.1     This suit may be properly removed to this Court under 28 U.S.C. § 144l(a) because this suit was pending in a state court located within the judicial district of the United States District Court for the Western District of Texas, El Paso Division.

2.2     Defendant Dick's Sporting Goods, Inc. has been served with the Plaintiff's Second Amended Original Petition. Defendant Dick's consents to the removal of this matter to Federal Court as evidenced by its counsel's signatures to this pleading.

2.3     Defendant Field & Streams Sporting Goods, Inc. has not yet been served with Plaintiff's Second Amended Original Petition. Thus, its consent to removal is not necessary and not applicable. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995); *see* U.S.C. § 1446(a).

2.4     Furthermore, Removing Defendant contends that Defendant Field & Streams Sporting Goods, Inc. has been fraudulently joined in this matter. As such, consent from Field & Streams is not needed. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

2.5     As required by 28 U.S.C. § 1446(d), Removing Defendant is serving this Notice of Removal on all parties and will promptly file this Notice of Removal with the clerk of the 448th District Court of El Paso County, Texas.

2.6     All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See Ex. B.*

2.6     Lastly, Removing Defendant alleges that Plaintiff has no viable cause of action against Defendant Field & Streams Sporting Goods, Inc. and that Defendant Field & Streams has been fraudulently joined in this lawsuit for the sole purposes of attempting to defeat diversity.

### III. BASIS FOR REMOVAL

3.1     Removal is proper because there is complete diversity between the parties.  28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). Plaintiff is an individual, who is a citizen of the State of Texas, and who resides in El Paso County, Texas. Removing Defendant is a Delaware corporation with its principal place of business in Pennsylvania.

3.2     Removing Defendant is not a "citizen" of the State of Texas and does not have a principal place of business in the State of Texas.

3.3    As alleged by Plaintiff, Defendant Field & Streams Sporting Goods, Inc. (hereinafter "Field & Streams") is a "company owned by Defendant Dick's and is formed and headquartered in Texas." Removing Defendant contends that Field & Streams is not owned by Dick's Sporting Goods, Inc. and has been fraudulently joined in this lawsuit. *See Affidavit of Douglas Stipanovich, Ex. E.*

3.4    A non-diverse or local defendant can be disregarded under the fraudulent-joinder doctrine if there is no possibility the plaintiff can establish a cause of action against that defendant under applicable state law. *See*, *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2004). This type of fraudulent joinder may consist of not pleading a factual basis for an element of the plaintiff's claim against the non-diverse or local defendant. *See*, *Smallwood* at 573.  In the present case, Plaintiff alleges that the retail store where the underlying incident occurred was owned and/or operated by Defendants Dick's and Field & Streams, and that the defendants knew or should have known that a condition on the property posed an unreasonable risk of harm and defendants failed to make the condition safe or warn Plaintiff of the dangerous condition. However, Plaintiff makes said allegations knowing that Field & Streams does not own or operate the retail store where the underlying incident occurred. Field & Streams operates a retail store in San Angelo, Texas – separate and apart from the retail store where the underlying incident occurred. As such, Plaintiff cannot establish a cause of action against Field & Streams as it relates to the underlying incident. Field & Streams presence in this lawsuit serves no other purpose other than to destroy diversity and prevent removal and thus constitutes a fraudulent joinder.

3.5    In her Second Amended Original Petition, Plaintiff states that "the damages sought are in an amount within the jurisdictional limits of this court, the maximum of which is over $74,999.00," which exceeds the federal jurisdictional amount in order to meet removal to federal

court. When plaintiff's monetary demand is stated in the complaint, defendant can rely on that allegation to meet the jurisdictional requirement. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).

3.6     All pleadings, orders and other filings in this state court action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81. *See Ex. B.*  Additionally, Removing Defendant has filed herewith a list of all counsel of record, including the addresses, telephone numbers and the parties represented. *See Ex. C.*

3.7     Venue is proper in this district for removal under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

3.8     Removing Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## IV. JURY DEMAND

4.1     Removing Defendant hereby makes this Demand for a Jury trial.

## V.  PRAYER

5.1     For the foregoing reasons, Defendant **DICK'S SPORTING GOODS, INC.,** remove the action to this Federal Court and request this case be placed on the docket of the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

BY: _____

JOHN A. GUERRA
Attorney-In-Charge
State Bar No. 08576180
Email: jguerra@brock.law
CELIA E. GARCIA
State Bar No. 24069756
Email: cgarcia@brock.law

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

**ATTORNEYS FOR DEFENDANT**
**DICK'S SPORTING GOODS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on the 12th day of June, 2019, we electronically filed ***Defendant's Notice of Removal*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lisa A. Elizondo                                      Fax No. 915/351-2776 and/or
The Law Offices of Lisa A. Elizondo, PLLC            Email: lelizondo@elizondolawep.com
2504 Montana Ave.
El Paso, Texas 79903

_____

JOHN A. GUERRA
CELIA E. GARCIA